## Merrimac Paper Company

### v.

## Illinois Trust and Savings Bank, Trustee, etc., et al.

*Replevin—Sales—Agency—Broker—Clerk—Discretion—Mistake.*

1. Where judgment or discretion is reposed in an agent who, in dealing with a third person, makes a mistake in judgment, the principal is bound.

2. Where an agent has full authority to make a sale of goods, it is unimportant in whose name they have been stored.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. Charles W. Needham, for appellant.

Spaulding was not an agent of the company in any sense; he was a broker; if he was the agent of any one, he was the agent of the purchaser. Lycoming F. Ins. Co. v. Ruben, 79 Ill. 402; B. F. Ins. Co. v. Weary, 4 Ill. App. 74; Kings F. Ins. Co. v. Swigert, 11 Ill. App. 590.

The course of business between these parties had been uniform and unbroken. The broker submitting the order, if acceptable to the company, he was notified of their acceptance, and he in turn notified his purchaser. From that time on the transaction was wholly between the company and the buyer. The company could not be divested of its property except by its own act.

It is a universal and fundamental principle of the law of personal property, that no man can be divested of it without his own consent. See Jennings v. Gage, 13 Ill. 611, and cases cited. The owner may place his property in the custody of another with power of sale, and the consent of the agent becomes the consent of the owner; but in such cases the power of sale must be unconditional, or it must affirmatively appear that the condition has been met. It could not be claimed, for example, that, if an owner authorize a person to sell his horse provided the person can get $200 for him, that this will empower the person to sell and dispose of the horse for $100; and, if a party claim that he has purchased the horse for $100, and knew the horse belonged to the owner, and that the party in possession of it was acting merely for the owner, he can not hold the property as against the owner, for it is also a familiar rule that a party dealing with a special agent must know the extent of his power. See Peabody v. Hoard, 46 Ill. 242; Baxter v. Lamont, 60 Ill. 237; Taylor v. C. & N. W. R. R. Co., 74 Ill. 86.

Condition as to price is no more important than a condition as to payment, as for example, that it shall be for cash; nor

are these conditions more important in case of a sale on credit than that the purchaser shall give secured note or shall him self be of " unquestioned credit."

These are all conditions which the owner has the right to impose, conditions which a careful owner will impose before relinquishing his right to his property; and property which has been obtained without complying with the conditions, may be recovered back by the owner on the ground that no title passed to the purchaser. There is a clear distinction between a contract of sale and a sale. Thus it has been held, if goods are contracted to a party who has, in part, performed his part of the contract, but who is to secure an indorser upon his note for the balance, he has no right to possession until the contract is consummated; and if, under such circumstances, he obtained possession of them without the consent of the owner, the owner may recover the possession without a rescission of the contract. Jennings v. Gage, 13 Ill. 611.

Messrs. HOWARD HENDERSON and EDWARD W. RUSSELL, for appellees.

MORAN, J. Appellant was manufacturing paper in Massa chusetts and shipped a certain lot of paper to Chicago to be delivered by a broker named Spaulding, to persons who had ordered it. Those persons refused to take the paper and Spaulding stored it in a warehouse in his own name. After it was so stored Spaulding went to Boston, and while there, his clerk in Chicago communicated to him an offer of one Beers to purchase the paper at seven cents per pound on time, he to give his notes for the amount at the purchase price, due in four and six months.

Spaulding telephoned from Boston to the paper company at Lawrence, Mass., stating the offer which had been communicated by his clerk, and the agent of the company replied that the price was satisfactory and to make the sale if the party was of first-class credit. Thereupon Spaulding directed his clerk to make the sale if Beers was responsible, and after the clerk had made inquiries of Beers with reference to his business and property he concluded he was responsible, and

transferred the warehouse receipts for the paper to him, and received his notes in accordance with the offer and forwarded them to the paper company.  Appellant then instituted some inquiries with reference to Beers, which resulted in satisfying the paper company that he was not in first-class credit and they brought this action in replevin to recover the paper which still remained in the warehouse.

The finding and judgment of the court below was for the defendant, and the plaintiff brings the record to this court by appeal, and insists that Spaulding had no authority to sell except in strict conformity with the conditions prescribed by the company, and that as Beers was not in first-class credit, the title to the paper did not pass by the transaction between him and Spaulding's clerk.

Whether Beers was in good or first-class credit was a matter that appellant left to be determined by its agent.  It is very plain from the circumstances that it was expected that the discretion with reference to Beers' financial standing would be exercised for Spaulding by his clerk in Chicago, for appellant's agent knew that Spaulding was in Boston, and Spaulding told him when he communicated the offer received from his clerk, that he knew nothing as to Beers' standing. There is no pretense that there was any fraud on the part of Beers or of the clerk.  The latter exercised his honest judgment.  If Spaulding had been in Chicago and without any fraud reached the same conclusion reached by the clerk, it is, in our opinion, very clear that the company would be bound by the transaction, and that the title would pass.

The same result must, under the circumstances of this case, follow the exercise of judgment on the part of the clerk, for that the question of Beers' financial standing should be determined for Spaulding by his representative in Chicago, must be taken to have been in the contemplation of the parties. Where judgment or discretion is reposed in an agent and he, in dealing with a third party, does so on a mistaken judgment, no fraud intervening, the principal will be bound.

We can not perceive that the fact that the paper company did not know the paper was stored in Spaulding's name, has

any bearing on the case. The authority to sell and deliver the goods was full if Beers should be in good credit, and it therefore makes no difference in whose name the paper was stored.

We think the finding of the Superior Court was right, and the judgment will therefore be affirmed.

*Judgment affirmed.*

GARY, J., took no part in the decision of this case.